KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—February, 1884.

CONSELYEA v. WALKER.

*In the matter of the probate of the will of* WILLIAM S. BOGERT, *deceased.*

The proponent of a will, being compelled by Code Civ. Pro., § 2618 to call both subscribing witnesses, is not within the rule according to which a party producing a witness is deemed to represent him as

worthy of credence; he may, therefore, ask for a finding in opposition to the uncontradicted testimony of such a witness.

Upon an application for probate of the will of a decedent, it appeared that the same was in the handwriting of decedent, that he was familiar with the requisite formalities of execution, and that the witnesses did not subscribe in each other's presence. The witness first signing testified to facts constituting a due publication. According to the other, at the time when he was requested to sign, the name of decedent was in plain view at the end of the will, but the latter neither acknowledged the signature nor made a declaration of the testamentary character of the instrument; there was, however, an attestation clause, reciting such declaration. This witness appeared unworthy of credence.—

*Held,* that the testimony of the second witness was insufficient to overthrow the presumption arising from the circumstances, and that the proof was such as to justify the admission of the will to probate.

*It seems,* that the same presumption, in respect to the observance of the prescribed formalities of execution of a last will, as are available under the English statute, may be indulged by the courts of this State.

APPLICATION for the probate of decedent's will, made by Charles L. Walker, the executor therein named ; opposed by Sarah D. Conselyea, and others, heirs at law and next of kin of decedent. The facts appear sufficiently in the opinion.

RUFUS T. GRIGGS, *and* M. J. MCKENNA, *for proponent.*

EASTMAN & GARRETSON *and* SCOVILLE & DEWITT, *for contestants.*

THE SURROGATE.—The evidence in these proceedings shows that the deceased signed the paper propounded, and acknowledged the signature to be his ; declared the instrument to be his last will and testament, and requested the witness Gray to become a witness thereto ; that subsequently he requested the witness Fowler to sign " as a witness," but, according to his testimony, without either acknowledging the signature or declaring it to be his will.

The question before me is whether the instrument has been sufficiently proved, to authorize its being admitted to probate.

The statute provides that the testator shall sign in the presence of the witnesses or acknowledge the signature to be his, and declare the instrument to be his last will and testament.   The attestation clause is faulty, in that it omits to state that the witnesses signed at the request of the testator.   Now, in view of this, is it competent for this court to admit the paper to probate?

The testator is shown to be familiar with the requisite formalities attending the execution of a will, for they were observed at the time Mr. Gray became a witness, as testified to by him, and this was previous to Fowler becoming a witness.

"The result of the authorities upon the probate of wills is that the question of the due execution of a will is to be determined, like any other fact, in view of all the legitimate evidence in the case, and that no controlling effect is to be given to the testimony of the subscribing witnesses" (Orser v. Orser, *24 N. Y.*, *52*).  And if the person executing the will is shown to be familiar with the law upon the subject, the presumption that the formalities have been observed is very strong, and should the testimony of a subscribing witness amount to a positive denial, the relative weight of the conflicting proof would then depend upon the apparent integrity and intelligence of the witness, and the circumstances surrounding the particular case (id., *53*, *54*).

Fowler's testimony should be carefully scrutinized. He is an interested party ; the manner of giving and its matter are such as to lead me to conclude that he cannot

in this matter be relied upon. The maxim "*Falsus in uno, falsus in omnibus,*" applies with unusual force. He is a party to these proceedings, and, though a man of more than ordinary intelligence, says he does not know whether or not he is interested, or whether he will be benefited by the instrument being rejected—a statement unworthy of credence. There are other portions equally improbable and unworthy of belief. I, therefore, do not think it should be considered in determining the question. "When a party in a civil action deliberately swears false to one material part of his testimony, and the jury are satisfied that he has so sworn false—intentionally false—they are not only at liberty, but it is sometimes the duty of the jury, to reject the whole. The maxim is '*Falsus in uno, falsus in omnibus*'" (Moett v. People, *85 N. Y., 373*).

Though, undoubtedly, the general rule is that an uncontradicted witness must be believed, it is subject to the qualification that when his testimony is improbable, or where he is interested, or impeached, the court or jury is not bound blindly to adopt his testimony as true (Elwood v. The Western Union Telegraph Co., *45 N. Y., 553;* Gildersleeve v. Landon, *73 N. Y., 609;* Moett v. People, *supra;* McNulty v. Hurd, *86 N. Y., 547*). In Orser v. Orser (*supra*), there was an attestation clause, one witness was dead, and the other testified to facts which negatived the contention that the proper formalities had been observed, yet the court said the jury were at liberty to find the proper execution of the instrument. It is true that there was a full attestation clause, and therefore the question remains, whether or not there is a presumption from the circumstances.

The attestation clause is sufficient as a declaration that it is his will, and the sole question is whether or not I can conclude there was an acknowledgement of his signature. Even under Mitchell v. Mitchell (*77 N. Y.*, *596 ; s. c., 16 Hun, 97*), an acknowledgement was here proved. When Fowler was requested to become a witness, the signature of the deceased was, he said, in full view. That circumstance was there conceded by the court to be sufficient. The case was distinguished from Baskin v. Baskin (*48 Barb., 200*), affirmed in the Court of Appeals, where that was held a sufficient acknowledgement under the statute.

In Hands v. James (*Comyns, 531*), the court said : "The witnesses, by the statute of frauds, ought to set their names as witnesses in the presence of the testatrix, but it is not required by the statute, that this should be taken notice of in the subscription to the will ; and whether inserted or not, it must be proved. If inserted it does not conclude, but it may be proved *contra*, and the verdict may find *contra* ; then if not conclusive when inserted, the omission does not conclude it was not so, and therefore must be proved by the best proof which the nature of the thing will admit."

Again, in Croft v. Pawlet (*2 Strange, 1109*), the attestation clause was defective, in that it did not state a signing in the presence of the testator. The court held it was evidence to be left to the jury of a compliance with all the circumstances, and a verdict was given for the will.

In Brice v. Smith ( *Willes, 1*), the witnesses were both dead, and the attestation clause was defective in not

stating that the instrument had been signed by the witness in the presence of the testator. The court held the will was well proved, relying upon Hands v. James (*supra*). Chancellor WALWORTH, in Chaffee v. Bapt. Miss. Conv. (*10 Paige's Ch., 90*), says : "Indeed, it has been decided that a formality of this kind, not noticed in the attestation clause, may even be presumed from circumstances, after the witnesses to the will are dead," citing Croft v. Pawlet (*supra*) ; Brice v. Smith (*supra*) ; and Hands v. James (*supra*).

The circumstances here relied upon are that the testator was familiar with the requisite formalities (Orser v. Orser, *supra*) ; knew its contents and character (Gilbert v. Knox, *52 N. Y., 125*) ; the will was in the handwriting of the testator. Since January 1st, 1838, when the present English statute of wills took effect, the courts have had to consider the question now before me I do not apprehend there is any difference in the force of an attestation clause under their law from that under ours. It is true, their statute declares no formal attestation necessary, a declaration which coincides with the construction of our own legislation upon the subject. Their statute, as ours, prescribes certain formalities, and any presumption that is available in their courts can be indulged in by us. In Re Seagram (*3 Notes of Cases, 436*), there was no attestation clause ; the will was admitted though the witnesses were dead. The same in Re Johnson (*2 Curteis, 341*). The same in Re Luffman (*5 Notes of Cases, 183*), where the attestation clause was defective and the whereabouts of the witnesses unknown.

In Leech v. Bates (*6 Notes of Cases, 699*), two codicils

purported to be signed by the testator and attested respectively by witnesses, the clause of attestation being imperfect; one witness deposed to facts, which, if true, would show that the statute had not been complied with, but circumstances proved that his recollection could not be relied upon. Held, as positive affirmative evidence was unnecessary, the presumption from the circumstances was that the proper formalities had been observed. And in Wright v. Rogers (*1 Law Rep., Probate and Divorce, 678*), the same was held where one of the subscribing witnesses was dead, and the other testified that the witnesses did not sign in the presence of the testator.

There is an additional question to be examined, and that is whether, in view of the circumstance that the witness Fowler was produced upon the part of the proponent, the rule applies that, as he was presented as a credible witness, the proponent cannot ask for a finding in opposition to his uncontradicted testimony.

Under § 2618 of the Code of Civil Procedure, the proponent was bound to examine the witness to the will. He was competent to testify on direct examination (Trustees of Auburn Seminary v. Calhoun, *25 N. Y., 425*), though not upon the part of the contestants, as to transactions with the deceased. Where the law obliges one to call a witness he may be impeached (1 Greenleaf on Evidence, § *443*), and a party is at liberty to contradict the testimony of his own witness, though indirectly he may be impeached thereby (Id.).

Here, the testimony of this witness is not sufficient to overthrow the presumption arising from the circumstances.

I do not, therefore, think this forms any objection to the conclusion at which I have arrived, which is that the instrument was properly executed and should be admitted to probate.

Decreed accordingly.