### ZUST *v.* SMITHIEMER.

(*Superior Court of New York City, General Term.*   December 1, 1890.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   An appeal from a judgment rendered on the verdict of a jury, where no exceptions were taken by appellant at the trial, presents no question for review.

2. SAME—WEIGHT OF EVIDENCE.
   A judgment will not be reversed on appeal because founded on a verdict contrary to the testimony of the only witness examined, where such witness was interested in the event of the trial.

**3. SAME—HARMLESS ERROR.**
　　The jury, while deliberating, sent an inquiry to the court in presence of counsel. Plaintiff's counsel objected to any communication between the court and the jury, except by recalling them into court. The objection was overruled, and the question answered. No exception to the answer was taken by plaintiff's counsel. *Held* that, as no harm came to plaintiff from the ruling before the question was answered, and it did not appear that he was prejudiced by the answer, the error was harmless.

Appeal from trial term.

Action by Charles Zust against Julia T. Smithiemer. Plaintiff appeals from a judgment for defendant, entered on the verdict of a jury, and from two orders denying motions by him for a new trial.

Argued before SEDGWICK, C. J., and DUGRO, J.

*Frederick G. Herter,* (*A. Walker Otis,* of counsel,) for appellant.   *Thomas Bracken,* for respondent.

DUGRO, J.   Plaintiff appeals from a judgment and two orders, each denying a motion for a new trial.   He cannot be successful in his appeal from the judgment, for an appeal from a judgment rendered upon the verdict of a jury only brings up the exceptions taken upon the trial, (*Railroad Co.* v. *Ebling,* 100 N. Y. 98, 2 N. E. Rep. 878,) and he took no exception at the trial.   The motion for a new trial upon the grounds that the verdict was contrary to the evidence and to law was properly denied.

The verdict was not against the evidence, as the only witness examined was interested in the event of the trial, and the jury was therefore not bound to take his testimony as conclusive, although it was uncontradicted.   *McNulty* v. *Hurd,* 86 N. Y. 547.   The case does not disclose that the verdict was contrary to law.   The later order appealed from denied a motion for a new trial made upon the ground that a communication sent by the judge to the jury was erroneous, and in violation of the rights of the plaintiff.

It seems the jury, while deliberating, sent an inquiry to the court in the presence of all counsel.   The plaintiff's counsel thereupon objected to any communication between the court and the jury except by the recalling of the jury into open court.   This objection, as calculated to preserve the conduct of the trial from irregularity, was doubtless proper, but it was overruled; no harm, however, came to the plaintiff by this ruling, for the question had not been answered.   Thereafter, the question was answered, no exception was taken to the answer, and no indication of dissatisfaction, with respect to it, appears upon the record.   It is therefore fair to assume that at the time it was given the plaintiff was not adverse to it because of incorrectness.   If it was otherwise, he should in fairness have called the attention of the trial judge to his complaint, so that the answer could have been corrected if cause therefor existed.   The fact that the answer was not literally correct does not satisfy me that the plaintiff was prejudiced by it.   A just inference from the question is that the jury desired to know whether the defendant had been paid by the plaintiff an amount equal to his wages up to the time of the formation of the corporation.   If this was the information desired, the answer conveyed it.   Upon the whole case, I think the judgment and orders should be affirmed.