By the Court.—Dugro, J.
Plaintiff appeals from a judgment and two orders each denying a motion for a new trial : he cannot be successful in his appeal from the judgment, for an appeal from a judgment rendered upon the verdict of a jury only brings up the exceptions taken upon the trial (Third ave. R. R. Co. v. Ebling, 100 N. Y. 98), and he took no exception at the trial.
The motion for a new trial upon the grounds that the verdict was contrary to the evidence and to law was properly denied.
The verdict was not against the evidence, as the only witness examined was interested in the event of the trial, and the jury was, therefore, not bound to take his testimony as conclusive although it was uncontradicted. McNulty v. Hurd, 86 N. Y. 547. *481 The case does not disclose that the verdict was contrary to law.
The later order appealed from denied a motion for a new trial made upon the ground that a communication sent by the judge to the jury was erroneous and in violation of the rights of the plaintiff. It seems the jury, while deliberating, sent an inquiry to the court in the presence of all counsel ; the plaintiff’s counsel thereupon objected to any communication between the court and the jury except by the recalling of the jury into open court; this objection, as calculated to preserve the conduct of the trial from irregularity, was doubtless proper, but it was overruled. No harm, however, came to the plaintiff by this ruling, for the question had not been answered. Thereafter the question was answered, no exception was taken to the answer, and no indication of dissatisfaction with respect to it appears upon the record ; it is, therefore, fair to assume that at the time it was given the plaintiff was not averse to it because of incorrectness. If it was otherwise he should in fairness have called the attention of the trial judge to his complaint so that the answer could have been corrected if cause therefor existed. The fact that the answer was not literally correct does not satisfy me that the plaintiff was prejudiced by it. A just inference from the question is that the jury desired to know whether the defendant had been paid by the plaintiff an amount equal to his wages up to the time of the formation of the corporation. If this was the information desired the answer conveyed it.
Upon the whole case, I think the judgment and orders should be affirmed.
Sedgwick, Ch. J., concurred.