### KNAUSS v. TAYLOR.

##### (Superior Court of Buffalo, General Term. July 8, 1892.)

APPEAL—REVIEW—WEIGHT AND SUFFICIENCY OF EVIDENCE.

In an action to recover a balance due on a sale, though defendant's uncontradicted testimony supported the allegations of his answer, that it was agreed that he should do certain work in payment of the balance, and that he had always been ready and willing to perform the same, yet, the trial court being the judge of his credibility, a judgment for plaintiff would not be disturbed. WHITE, J., dissenting.

Appeal from municipal court.

Action by Henry Knauss against Andrew Taylor. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

*John T. Gardner,* for appellant.     *Brown & Sells,* for respondent.

HATCH, J. The plaintiff brought his action to recover a balance due on the purchase price of a horse and wagon. Defendant, by answer, admitted the purchase, and balance due, but alleged that plaintiff agreed at the time of said sale to take the balance out in a certain specified work; that defendant had since been ready and willing to perform said work. Defendant was awarded the affirmative of the issue, and gave the only testimony appearing in the record. Plaintiff was awarded judgment. It is now claimed that defendant's uncontradicted testimony supported the allegations of the answer, and that it was error to render judgment for plaintiff. The testimony of the defendant fairly supports the claim, but, with this conceded, it does not follow that the judgment should be reversed. The general rule that positive testimony of an uncontradicted and unimpeached witness cannot be arbitrarily disregarded by the court or jury is qualified where the witness is an interested party. *Gildersleeve* v. *Landon,* 73 N. Y. 609; *McNulty* v. *Hurd,* 86 N. Y. 547; *Zust* v. *Smithiemer,* (Super. N. Y.) 11 N. Y. Supp. 727. Under such circumstances, it rests with the court to determine the credibility of the witness. It has the party before it, scrutinizes his appearance and manner of giving testimony, judges of his candor and intelligence,—nearly all matters which it is impossible for the record to disclose. The balance sued for was concededly due either in work or money. Aside from this, the court could well find from the evidence that defendant's claim to compensation for the advice given plaintiff, set up by way of counterclaim, was extravagant in character and amount. This tended to discredit him. It could also find that he was not ready in good faith to perform the work, for defendant stated that he went to see plaintiff about the work in May, "if he was going to have it done, but, if not, I wasn't going to stand any more monkeying for the convenience of people that were living in it." All this was matter for the court to pass upon, and it had the right, under all the circumstances, to disregard the testimony, and arrive at the determination which it did. The judgment should therefore be affirmed, with costs.

TITUS, C. J., concurs.

WHITE, J., (*dissenting.*) I can find nothing in the record of this cause to warrant the rejection by the municipal court of Buffalo of the evidence of the defendant upon the trial to the effect that $30 of the purchase price of the

horse was to be paid in services of the defendant, and his readiness to perform. To that extent I think the defense was established. To my mind the evidence of the defendant on those points was neither unreasonable nor suspicious. The respondent's counsel concedes, in his brief, that "the contract for the building of the chimney was a * * * promise held out by the plaintiff that, if the defendant would purchase the horse, the plaintiff would employ the defendant to build a chimney for him." I am unable to see in such a case how the contracting party can be compelled to pay money, instead of being allowed to perform the stipulated services, without alleging and proving his refusal to perform them.