## OST v. MINDLIN et al.

(Supreme Court, Appellate Division, First Department. December 20, 1915.)

1. GUARANTY ⊙➾47—LIABILITY OF GUARANTORS—ELECTION TO DECLARE DEBT DUE.

Where the whole amount of a mortgage debt became due by the election, according to the terms of the mortgage, of the holders to so consider it on default in payment of an installment, guarantors of payment of the sum secured by the mortgage became immediately liable to pay the whole amount.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 58; Dec. Dig. ⊙➾47.]

2. SUBROGATION ⊙➾7—PAYMENT BY GUARANTOR—RIGHTS.

The liability of guarantors for payment of the debt on failure of those primarily obligated to pay same when it becomes due is coupled with a right to be subrogated to any security which the creditor holds.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 17, 18, 21–29, 58, 77, 83, 92; Dec. Dig. ⊙➾7.]

3. GUARANTY ⊙➾56—RELEASE OF GUARANTOR—EXTENSION OF TIME OF PAYMENT.

The liability of guarantors for payment of a debt is canceled, where the date of payment is postponed without their consent.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 67; Dec. Dig. ⊙➾56.]

4. GUARANTY ⊙➾56—RELEASE OF GUARANTORS—EXTENSION OF TIME OF PAYMENT—RESCISSION OF ELECTION.

Where the holders of a bond and mortgage elected to declare the whole debt presently due for default in payment of an installment, their attempt to revoke such election without consent of persons who had guaranteed payment of the mortgage debt according to the terms of the mortgage, which attempt operated to extend the time of payment, released such guarantors from liability, regardless of whether the extension actually worked to their detriment.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 67; Dec. Dig. ⊙➾56.]

5. GUARANTY ⊙➾56—PAYMENT OF DEBT—EXTENSION OF TIME—CONSENT OF GUARANTORS.

Consent by persons, who had guaranteed payment of a mortgage debt, to a discontinuance of a suit to foreclose the mortgage, was not a consent to an extension of time of payment of the debt by revocation of an election to declare the entire debt due when the discontinued suit was brought, especially where the consent was signed on assurance that arrangements had been made whereby the debt would be paid without recourse to the guarantors.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 67; Dec. Dig. ⊙➾56.]

Laughlin and McLaughlin, JJ., dissenting.

⊙➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by Mary Ost against Henry Mindlin and others. From a judgment for plaintiff, and denial of new trial, Louis Koch and another, defendants, appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Max Monfried, of New York City, for appellants.

John E. Donnelly, of New York City (Alfred J. Amend, of New York City, on the brief), for respondent.

SCOTT, J. The facts upon which this appeal turns have been so fully stated by Mr. Justice LAUGHLIN that it is unnecessary to repeat them at length. The appellants are sued as guarantors for the payment of a bond secured by a mortgage, and the question involved has been accurately stated by him to be:

"Whether the election of the holders of the mortgage, at the time of the attempted foreclosure, to declare the whole amount due, was irrevocable, and inured to the benefit of appellants, and could not be waived without their consent."

[1-3] The situation of the parties when Stecher and Paley, the then owners of the mortgage, elected to declare the whole amount due, for nonpayment of an installment, was that these appellants were guarantors that the sum secured by the mortgage would be paid in strict conformity to the terms of that instrument and the accompanying bond. This included the obligation to pay the whole amount when it should become due, if those primarily obligated should fail to do so. Hence, when the whole amount became due by the election of the holders to so consider it, the appellants became instantly liable, as guarantors, to pay the whole amount; but coupled with this obligation was the right to be subrogated to any security which the creditor might hold. It was also their right to insist that the date of the payment should not be postponed without their consent, under penalty of the cancellation of their liability. These rules are fundamental and elementary.

[4] Nothing is better settled in this state than that the holder of a bond and mortgage, who has elected to declare the whole debt presently due for a default in paying interest or an installment of principal, cannot of his own accord, and to the detriment of any person obligated to pay the amount, revoke and recall his election. Such an election, once made, is final and irrevocable after any person liable to pay the debt, whether as principal or surety, has changed his position and assumed an obligation which is the result of such election. The authorities to this effect are so numerous that it will be necessary to cite but a few of them. Kilpatrick v. Germania Insurance Co., 183 N. Y. 163, 75 N. E. 1124, 2 L. R. A. (N. S.) 574, 111 Am. St. Rep. 722; Pizer v. Herzig, 120 App. Div. 102, 105 N. Y. Supp. 38; Brown v. Mason, 55 App. Div. 395, 66 N. Y. Supp. 917, affirmed 170 N. Y. 584, 63 N. E. 1115.

It is quite clear that by electing to declare the whole sum due the then holders of the mortgage effected a material change in the position

of appellants. The debt which they had guaranteed became changed from one payable in the future, and in installments, to one immediately payable. Having thus become presently payable, any attempt to extend the time of payment, such as would result from a revocation of the election, was in violation of their rights and detrimental to them as presumption of law. As was said in Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130:

"That an agreement by the creditor with the principal debtor, extending the time for the payment of the debt, without the consent of the surety, discharges the latter, is established by numerous authorities, and the court will not enter into the question what injury the surety has sustained."

[5] The contention that appellants consented to the revocation of the election merits little consideration. What they did was merely to consent to a discontinuance of the foreclosure action. This of itself is certainly not a consent to an extension of the time for the payment of the debt, and more especially in view of the fact that the consent was signed upon the assurance that arrangements had been made by which the mortgage debt would be paid without recourse to appellants. Reduced to its ultimate terms, we have, then, the case of a debt presently due for which the appellants were sureties or guarantors, and of an extension of the time for the payment of that debt by an agreement valid between the principal debtor and creditor, but without the consent of the sureties or guarantors. Upon well-settled principles the appellants were thereby released, and it is immaterial whether or not the extension of time for payment actually worked to their detriment. It was clearly error to have directed a verdict for the plaintiff. Indeed, upon the case as made the court should have dismissed the complaint, if a motion for that relief had been made; but, as no such motion was made, we are powerless to so dispose of the case on this appeal.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. (dissenting). This is an action against the obligor on a bond secured by a mortgage on real estate and against the appellants and others as guarantors of the bond. The bond and mortgage were executed on the 17th day of May, 1906, and were given to secure the payment of $3,000 in semiannual installments of $300 each down to the 15th day of May, 1909, when the balance remaining unpaid became due and payable. The defendant Fox was the original mortgagee, and he assigned the bond and mortgage to the appellants on the 30th day of July, 1906, and guaranteed payment. The appellants on the 2d day of October, 1906, assigned the bond and mortgage to Harry Furst and Meilech Ost, and in the assignment guaranteed the payment of the principal and interest. On the 1st day of November, 1906, Furst and Ost assigned to one Louis Stecher a two-thirds interest in the bond and mortgage, and the remaining one-third to the defendant Paley. One semiannual installment was paid, but default was made in payment of the second, and on the 28th day of May, 1907, the then owners of the bond and mortgage, Stecher and Paley,

brought an action to foreclose it and pleaded an election under the mortgage to declare the whole amount immediately due and payable. At that time the equity of redemption was jointly owned by the defendant Mindlin and the Twenty-Sixth Ward Realty Company, who were parties defendant in the foreclosure action.

The evidence shows that as a result of negotiations between the attorney for the owners of the equity of redemption, one Dushkind, and the attorney for the plaintiffs in the foreclosure action, one Wilkenfeld, it was agreed that the default should be waived and the action discontinued on payment of the installment and the interest then due and $25 costs, which payments were made. A formal stipulation for the discontinuance of the action was duly executed in behalf of all the parties thereto, including the appellants, under date of June 13, 1907, and a formal order of discontinuance, without costs, and canceling the lis pendens, and purporting to have been granted at a Special Term of the Supreme Court on motion of the attorney for the owners of the property on the 17th day of June, 1907, was offered in evidence by counsel for the appellants, who stated in offering it that it was filed on the 17th day of June, 1907; but a witness testified in effect that the formal order of discontinuance was not filed or entered until the 28th day of January, 1909. On the 23d day of November, 1908, Stecher assigned his two-thirds interest in the bond and mortgage to plaintiff, and on the 7th day of December of the same year defendant Paley assigned his one-third interest to the plaintiff. Two other installments of principal were paid, and on the 26th day of April, 1912, this action was brought to recover the balance of $1,800 owing on account of principal, together with interest.

The appellants pleaded, among other things, the pendency of the foreclosure action, and that no leave of the court to bring this action had been obtained, and that the plaintiffs in the foreclosure action, after having elected to declare the whole amount due, without the knowledge or consent of appellants, extended the time for the payment thereof, and upon such extension procured the payment of $900 on account of principal and interest, which altered the terms and conditions of the bond and mortgage, and that appellants were thereby by operation of law released and discharged, and that at the time of the commencement of the foreclosure action and for some time thereafter the mortgaged premises were adequate security for the indebtedness, and that if the foreclosure action had been diligently prosecuted the bond and mortgage could and would have been fully paid and satisfied without recourse to the guaranty of the appellants, and that the premises have since depreciated in value, and that by reason thereof the appellants were released and discharged from any and all liability on their guaranty.

The plaintiff rested her case on formal proof of the bond, mortgage, and various assignments, and on a concession made in her behalf to the effect that $1,200 had been paid on account of the principal. The defense fairly presented the question as to whether the election of the holders of the mortgage at the time of the foreclosure to declare the whole amount due was irrevocable, and inured to the bene-

fit of the appellants, and could not be waived without their consent. But the answer contains no plea that the position of the appellants after such election and before the waiver thereof was changed to their prejudice, unless it is to be inferred from the plea with respect to the change in value of the premises, and there is no evidence to show any change in her position.

Evidence was offered on the part of the appellants to show that at the time of the foreclosure action and the discontinuance thereof the premises were adequate security for the indebtedness. This was excluded, and appellants duly excepted. Counsel for appellants urges the exceptions to the exclusion of this evidence as ground for reversal; but counsel for respondent contends that the exclusion of the evidence was immaterial, for he concedes, in effect, that if the default could not have been waived without appellants' consent, and the stipulation of discontinuance did not constitute a consent that the default might be waived, they were wholly discharged. The attorney for the appellants, who represented them in the foreclosure action, one Franklin, testified that, after receiving a copy of the complaint in that action, he called on Wilkenfeld, and was accompanied by the appellant Pozner, and said to Wilkenfeld, "We are ready to take up this mortgage, and that we do not want any judgment against us, and that we now have an opportunity to get any deficiency money from Mr. Fox, the assignor of that guarantee," and that Wilkenfeld replied that the Realty Company was going to take care of the mortgage, and that in a few days he would be able to give definite information with respect thereto; that a few days thereafter he again called on Wilkenfeld, and stated that his clients were willing to take up the mortgage, and was requested to call the next day, which he did in company with Pozner; that Wilkenfeld then presented the stipulation for the discontinuance of the action, which he said "they are going to take for the mortgage"; that he and Wilkenfeld signed the stipulation for the discontinuance of the action, and Wilkenfeld promised to serve the order of discontinuance, but did not do so, and that he heard nothing further in the matter until the service of the summons in this action; and that when he drew the answer of the appellants he supposed that the foreclosure action was still pending. The testimony of Pozner was substantially in corroboration of that given by his attorney. Neither of them gave any testimony with respect to whether they had the money to take up the mortgage, or where they were going to get it, if they did not have it, or tending to show that appellants took any other action, based on the election of the plaintiffs in the foreclosure action in declaring the whole amount due.

The appellants rely on Kilpatrick v. Germania Life Ins. Co., 183 N. Y. 163, 75 N. E. 1124, 2 L. R. A. (N. S.) 574, 111 Am. St. Rep. 722, in support of their contention that they are released and discharged by the waiver of the default after the election in the foreclosure action to declare the whole amount due. They concede that they executed the stipulation for the discontinuance of the action, but claim, in effect, that it was on the understanding that the mortgage was to be paid by the owners of the equity of redemption. In

Kilpatrick v. Germania Life Ins. Co., supra, the mortgagor, who was the party liable for the indebtedness secured by the mortgaged premises, changed his position to his prejudice by contracting for a new loan in reliance on the election of the holder of the mortgage to declare the whole amount due before that election was waived by the plaintiff in the foreclosure action, and, as I understand the decision, it is merely authority for the proposition that the facts constituting such change of position constitute an equitable estoppel. No facts constituting an equitable estoppel were pleaded or proved here. I am of opinion that, at the time the attorney for the appellants called upon the attorney for the plaintiffs in the foreclosure action, the plaintiffs therein were at liberty to withdraw their election and to allow the mortgage to stand according to its terms, which is, in effect, what they did, and that the plaintiffs in that action could not have been deprived of their right to waive the default, even if the defendants therein had tendered the amount of the mortgage and requested an assignment, which, however, they did not do. The plaintiffs in the foreclosure action were under no obligation to appellants to make an election, and, having made the election, it was, I think, competent for them at will to waive it, so long as the appellants were not prejudiced by some change in their position, as to which there is no evidence, and, in fact, no claim, that there was. The main contention of the appellants is that the reinstatement of the mortgage constituted an extension of the time of payment.

I am of opinion, therefore, that the judgment is right, and should be affirmed.

McLAUGHLIN, J., concurs.