DANIEL E. POMEROY and Others, Respondents, *v.* THE HOCKING VALLEY RAILWAY COMPANY, Appellant.   (Action No. 1.)

First Department, April 5, 1918.

Guaranty and suretyship — action against guarantor of payment of bonds secured by mortgage — right to subrogation — effect of payment on or after judgment to purchaser of bonds.

The guarantor of the payment of bonds secured by a mortgage will not be compelled to pay the judgment in an action for the principal and interest due without any right to subrogation, merely because such right has been lost owing to dealings between the plaintiffs or the present owners of the bonds and the principal debtor *after* the recovery of the judgment

The facts that pending the action for the principal and interest due, the bonds were purchased from the plaintiffs pursuant to leave of a Federal court and deposited with a trustee; that on the day the judgment was entered said trustee deposited for collection a check received two days before from the mortgagor for the amount due on the matured coupons, together with interest, and that said money is in court and in effect merely constitutes a tender of payment, do not constitute a payment on the judgment, and in no manner affect the defendant's right to subrogation therefor. He is not entitled to vacate the judgment.

If the defendant had shown that the holder, with the approval of the owner of the bonds, had accepted payment of the interest according to the coupons and of interest thereon from the dates of the defaults, it would be entitled to relief either by opening the judgment or by action to enjoin the enforcement of and for the cancellation thereof.

! APPEAL by the defendant, The Hocking Valley Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1918, denying its motion to vacate a judgment herein and for leave to file a supplemental answer.

*A. C. Rearick* of counsel [*A. H. Smith* with him on the brief; *Rearick, Dorr & Travis,* attorneys], for the appellant.

*Vermont Hatch* of counsel [*Joseph M. Hartfield* with him on the brief; *White & Case,* attorneys], for the respondents.

LAUGHLIN, J.:

The Kanawha and Hocking Coal and Coke Company, a West Virginia corporation, under date of July 1, 1901, duly issued 3,500 bonds of the par value of $1,000 each with coupons attached for the payment of interest at the rate of five per cent per annum, payable semi-annually until the maturity of the bonds fifty years after date. The bonds were secured by a first mortgage on property of the coal company and payment of both principal and interest when due was guaranteed by defendant and in case of any default it covenanted to pay the holders of the bonds on demand. There was a default in the payment of the interest due on the bonds July 1, 1915, and pursuant to the provisions of section 3 of the mortgage a majority in amount of the bonds duly declared the principal of all the bonds outstanding due and payable immediately.

The plaintiffs owned 2,387 of the bonds and on the 3d of February, 1916, brought this action against the guarantor to recover the principal and semi-annual installments of interest due July 1, 1915, and January 1, 1916.

The issues were referred. The referee reported under date of December 24, 1917, in favor of judgment for the plaintiffs as demanded and judgment was entered on the report on the twenty-sixth of December. Three days later the motion to open it was made.

The grounds of the motion and the defense sought to be interposed by the third supplementary answer are that on the day of the entry of the judgment, or thereafter, the holder of the bonds, with the approval of the then owner thereof, received payment of the interest evidenced by the coupons together with interest thereon from the dates of the defaults and thereby waived the default and annulled the election to declare the principal due and has reinstated the bonds according to their original tenor as if there had been no default and that thereby it has become impossible for the plaintiffs to secure to defendant the right to subrogation and to foreclose the mortgage and recover over against the mortgagor on paying the judgment and that such waiver and such reinstatement of the bonds without the consent of the defendant discharged it from liability. If the defendant had shown, as it claims to have shown, that the holder with the approval of the owner of the bonds had accepted payment of the interest according to the coupons and of interest thereon from the dates of the defaults, it would doubtless be entitled to relief either in the form here requested by opening the judgment or by action to enjoin the enforcement of and for the cancellation of the judgment, for it should not be required to pay the principal of the bonds if the holders and owners thereof have not preserved the default so that it may at once prosecute the remedies which the holders and owners of the bonds had against the principal debtor when the action was commenced. If the action alleged to have been taken by the holders and owners of the bonds on or since the recovery of the judgment had been taken before it would have been a complete defense to the action. (*Ost* v. *Mindlin*, 170 App. Div. 558; *Ducker* v. *Rapp*, 67 N. Y. 464; *Grant* v. *Smith*, 46 id. 93; *Paine* v.

*Jones,* 76 id. 274; *Lawson* v. *Barron,* 18 Hun, 414.) The defendant should not and will not be compelled to pay the judgment without any right to subrogation merely because such right has been lost owing to dealings between the plaintiffs or the present owner of the bonds and the principal debtor *after* the recovery of the judgment. (*Delaplaine* v. *Hitchcock,* 4 Edw. Ch. 321; *Hubbell* v. *Carpenter,* 5 Barb. 520; *La Farge* v. *Herter,* 9 N. Y. 241. See, also, *McNulty* v. *Hurd,* 18 Hun, 1; affd., 86 N. Y. 547.) The acts, however, by which defendant claims that it has been deprived of its right to subrogation were not those of the plaintiffs and I think it has not been shown by the defendant that it has been deprived of the right to subrogation. It appears that pending this action the bonds on which it is predicated were purchased from the plaintiffs by the New York Central and Hudson River Railroad Company pursuant to leave of the United States District Court, Southern District of Ohio, Eastern Division, granted on the the 17th of November, 1916, in an action pending in that court wherein the United States of America was plaintiff and the Lake Shore and Michigan Southern Railway Company and the mortgagor and this defendant and others were defendants, which leave, however, was on condition that the bonds so purchased should be deposited with a trustee to be named by the court and it was provided in paragraph 5 of the order that " the holding of bonds or property by a trustee contemplated hereby, are intended to be only temporary expedients preliminary to the speedy disposition by the railroad companies or by the trustee of all interests so acquired — the disposition thereof to be such as may be hereafter approved by this Court in accordance with the spirit and intent of our decree of March 14, 1914." On the 2d of April, 1917, a further order was made in that action appointing the Central Trust Company trustee to hold the bonds, and that order provides, among other things, as follows: " Upon being properly indemnified, and until this Court otherwise orders, such trustee shall permit the prosecution of all suits now pending against the Hocking Valley Railway Company, based upon its guaranty of such bonds, to final judgment in each suit, but neither the New York Central Railroad Company, nor such trustee, shall take or permit any further or other

action based upon any such bonds or judgments except by the further order of this Court."

The bonds including all involved in this action were purchased by the railroad company pursuant to said leave and delivered to said trust company pursuant to said order. On the 26th of December, 1917, the day the judgment was entered herein, said trust company deposited for collection a check received by its attorney two days before from the mortgagor for the amount due on the matured coupons together with interest thereon from the dates when due until December 24, 1917. The conditions upon which the attorney for the trust company was authorized by the mortgagor to deliver the check to the trust company were upon receipt of the coupons, income tax certificates and a receipt to be returned to the mortgagor. These conditions were complied with by the trustee. It, however, has not paid the money over to the New York Central Railroad Company, the present owner of the bonds, but still holds it and has applied to the Federal court for directions in the premises with respect to the disposition of the money. It is contended in behalf of the respondents that this payment should be deemed a payment on the judgment and that it in no manner affects defendant's right to subrogation. It seems quite clear that it was not so intended by the mortgagor. The difficulty with appellant's contention is, however, that the trust company had no authority to waive the default and it does not appear that the railroad company, the present owner of the bonds, has waived it. Counsel for respondents contends that the default could only be waived by formal action by a majority in ownership of the bonds after payment of all arrears. The provision of the mortgage authorizing the owners of a majority in amount of the bonds to declare the principal due after default for six months in the payment of an installment of interest is subject to a *condition* as follows: " That if, at any time after the principal of said bonds shall have been so declared due and payable, all arrears of interest upon all such bonds with interest at the rate of five per cent per annum on overdue installments of interest shall either be paid by the Company or be collected out of the mortgaged premises before any sale of the mortgaged premises shall have been made, then and in every such case the holders of a

majority in amount of the bonds hereby secured then outstanding, by written notice to the Company and to the trustee, may rescind and annul such declaration and its consequences; but no such rescission and annulment shall extend to, or shall affect any subsequent default, or impair any right consequent thereon." Those provisions have not yet been acted upon. If the defendant's guaranty is subject thereto, doubtless they may be acted upon without its being discharged from liability; but that would not entitle plaintiffs to hold this judgment against the defendant. We do not, however, deem it necessary to express a decided opinion on those questions or on the point argued at length by counsel for respondents that there can only be a waiver of the default by formal action under the provisions of the mortgage quoted, for there has been no authorized or irrevocable action by the present owner of the bonds with respect to the payments made. The money is in court and in effect merely constitutes a tender of payment. Neither the owner of the bonds nor the court has determined whether it shall be accepted on the conditions on which it has been tendered. If it shall be so accepted then the delivery of the coupons by the trustee will be thereby ratified and if not such delivery is of no consequence, for if the election to declare the principal due stands the coupons have been, in effect, canceled and they became immaterial. (*Newport & Cincinnati Bridge Co.* v. *Douglass,* 12 Bush [Ky.], 673, 721; *Equitable Trust Co. of New York* v. *Western Pac. Ry. Co.,* 244 Fed. Rep. 485.)

It follows that the order should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Dowling, Smith and Shearn, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.