DANIEL E. POMEROY and Others, Respondents, v. THE HOCKING VALLEY RAILWAY COMPANY, Appellant. (Action No. 2.)

First Department, April 6, 1918.

See head note in Pomeroy v. Hocking Valley R. Co., No. 1 (ante, p. 619).

APPEAL by the defendant, The Hocking Valley Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1918, denying its motion to vacate a judgment entered herein on the 26th day of December, 1917, and for leave to file a supplemental answer.

A. C. Rearick of counsel [A. H. Smith with him on the brief; Rearick, Dorr & Travis, attorneys], for the appellant.

Vermont Hatch of counsel [Joseph M. Hartfield with him on the brief; White & Case, attorneys], for the respondents.

LAUGHLIN, J.:

This action is on seventy-three of the bonds against the guarantor and the material facts are the same as in the action between the same parties, a like appeal in which was argued and will be decided herewith. (Pomeroy v. Hocking Valley Railway Co., No. 1, 182 App. Div. 619.) The facts differ only in that on the motion in this action it was shown that the trust company had also in like manner and on like terms received the interest due on the coupons down to and including January 1, 1918, and interest thereon from the dates when due and that the trust company had filed a petition in the Federal court reciting its action in receiving the money and praying for directions with respect to the disposition of the moneys received and that may be received in payment of coupons falling due in the future. It also appears that the railroad company, the present owner of the bonds, had prepared a petition by which it was to ask that the moneys be paid over to it; but it appears by the affidavit of the attorney who prepared the petition for the railroad company and furnished a

copy thereof to the attorneys for the defendant herein, that it was prepared under a misapprehension with respect to the facts and had not been and would not be presented to the court in that form. It thus appears that there has been no authoritative application of the moneys thus paid to the trust company.

The views expressed in our opinion on the other appeal are, therefore, decisive of this appeal.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.