In the Matter of the Estate of JOHN E. JOHNSON, Deceased.

Surrogate's Court, Erie County, April 20, 1938.

*Killeen & Sweeney* [*James C. Sweeney* and *Francis J. Maloney* of counsel], for the executors.

*J. Craig Roberts*, for The Royal Bank of Canada.

HART, S.   During 1929 the Erie Downs Golf and Country Club, Inc., borrowed from the Royal Bank of Canada, located at Fort Erie, Ontario, through the medium of overdrafts which were honored by the bank upon condition and consideration that the club furnish at any time requested to the bank, a note or notes equivalent to the aggregate amount of the overdrafts, and such collateral security as the lender might request.   The overdrafts reached a sum of approximately $10,000, and on or about October 18, 1929, the bank called for a note of $10,000, a guaranty bond and postponement of claim.   The borrower furnished a note, together with a bond, upon which there were twelve signors as guarantors.   John E. Johnson, the deceased, was not on this guaranty.   Further advances were obtained, and on or about November 5, 1932, the bank called for additional security, and an additional and larger guaranty was given for $15,000, and upon which was the name of John E. Johnson, deceased.   Neither the first guaranty bond or the collateral was surrendered.

At the date of the death of Mr. Johnson, December 24, 1933, the club owed the bank the sum of $15,070.39.   By the wording of the guaranty Mr. Johnson obligated his executor, administrator and legal representatives in what purported to be a continuing

guaranty. On January 15, 1937, the executors of the estate of the deceased were notified concerning the guaranty, that the advances had not been paid and that the estate was liable to the bank under the guaranty. The Manufacturers and Traders Trust Company, the executor, acknowledged the letter and asked them to forward the usual proof of claim and a copy of the guaranty. The latter was sent, but not the proof of claim. Upon a further request copies of the notes were furnished by the Royal Bank of Canada, together with the information that renewal notes had been given under date of December 18, 1936, and that it was the practice of the bank to renew all demand notes periodically, which was done in this instance. A formal notice was sent to the Royal Bank of Canada under date of February 23, 1937, by the executors denying the justice and validity of the claim. No demand was made until February 19, 1938. A judicial settlement proceeding is now pending.

This court is of the opinion that there was sufficient consideration to support the continuing guaranty agreement; that the claimant is not prejudiced by failure to file a claim (*Matter of Snitkins*, 151 Misc. 118), and further that the failure to make a demand is not fatal. (*Freed* v. *Sibley*, 74 App. Div. 81; *Brown* v. *Curtiss*, 2 N. Y. 225.)

A thorough study of the case of *American Chain Company, Inc.* v. *Arrow Grip Mfg. Co., Inc.*, (134 Misc. 321), advanced by the attorneys for the estate in support of its position, fails to convince that it applies to the matter now under consideration. That was a case of the guarantors binding themselves to guarantee the payment for goods sold by the plaintiff to the purchaser up to the total amount of $54,600, and the court held that the estates of the deceased guarantors were not liable for the payment of goods sold after their death.

While the guaranty in question was one which the guarantor could have at any time determined his future liability by notice, and the death of the guarantor operated as a termination, nevertheless it did not absolve the estate from the liability incurred by the testator up to the time of his death, nor did the extension of the time of payment, for the agreement expressly states that the bank may grant time, renewal, extensions, etc., without prejudicing or in any way limiting or lessening the liability of the guarantors.

The case of *Ost* v. *Mindlin* (170 App. Div. 558; affd., 224 N. Y. 668) involved a guranty concerning a mortgage loan, the mortgagee electing to declare the whole amount presently due for default in non-payment of installment of principal. After this occurred the mortgagee granted an extension of time to pay the debt. The court held the guarantors were discharged. The same rule cannot

apply in this case for the guaranty agreement gave the bank the right to grant an extension.

The case of *Corn Exchange Bank Trust Co.* v. *Gifford* (268 N. Y. 153) is somewhat similar to the instant case. In that case it was decided in substance that the guaranty was a continuing one and covered renewals of indebtedness existing at the time of the revocation. (See, also, *Fifth National Bank* v. *Woolsey*, 31 App. Div. 61; *Hard* v. *Mingle*, 206 N. Y. 179.)

Notwithstanding the failure of the bank to notify the estate of the guaranty, and notwithstanding the extensions of time of payment allowed the primary debtor after the testator's death, this did not discharge the estate from liability on the indebtedness of $15,000. The taking of a renewal note did not operate to extinguish the earlier note, no intention to do so having been proven. (*Shattuck* v. *Buck*, 77 Misc. 95; *Garfield National Bank* v. *Wallach*, 223 App. Div. 303; *City National Bank* v. *Phelps*, 86 N. Y. 484; *Jagger Iron Co.* v. *Walker*, 76 id. 521.)

The claim of the Royal Bank of Canada is hereby allowed.

Let the decree of judicial settlement provide accordingly.