JOHN G. W. FELDMAN, Respondent, *v.* CAROLINE BEIER, as Executrix, etc., Impleaded, etc., Appellant.

Plaintiff held a bond and mortgage executed by defendant W.   When they became due, W. being unable to pay, it was arranged between him and plaintiff that the former should give his note for the interest unpaid, which should be indorsed on the bond, and the plaintiff should obtain a loan by assigning the bond and mortgage as collateral; there was no express agreement that the note should be received as payment; this arrangement was carried out, the bond and mortgage were subsequently re-assigned to plaintiff; prior to this, W. conveyed the mortgaged premises to B., subject to the mortgage.   The note was not paid. In an action to foreclose the mortgage evidence was given to the effect, that B., prior to taking title, had notice that the back interest was unpaid.   *Held,* that the indorsement did not constitute a payment; and that plaintiff was not precluded from collecting the interest out of the mortgaged premises.

B. made a payment upon the bond and mortgage to plaintiff; he claimed at the time that the interest in question was paid, but gave no specific

directions as to the application of the payment, and did not object to its application to the payment of the interest. *Held*, that the fact that he did not consent did not prevent the plaintiff from so applying it.

*It seems*, that a power of attorney authorizing the assignment of mortgages, impliedly includes the assignment of bonds accompanying the mortgages.

Where the investment of money is the object of a power of attorney, and the attorney is authorized thereby to use the principal's signature and seal, when necessary or proper, in the transaction of the business of the principal, the agent has authority to re-assign a bond, assigned as collateral security for a loan of the moneys of his principal, upon payment of the loan.

(Argued September 19, 1879; decided September 30, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mortgage executed by defendant Wolf upon certain premises in the city of New York.

Defendant Beier, who was the owner of the equity of the redemption and who alone defended, set up payment. The question was as to the payment of eighteen months interest due December 1, 1871, which was indorsed upon the bond as paid.

The facts in reference thereto appear sufficiently in the opinion.

*Spencer L. Hillier*, for appellant. As the power of attorney gave Schroeder no power to assign the bond, the assignment of the mortgage without it was a nullity. (*Merritt* v. *Bartholick*, 37 N. Y., 44, k. ; 47 Barb., 253 ; *Cooper* v. *Newland*, 17 Abb. Pr., 342; 9 Wend., 80.) A power of attorney is to be strictly construed where the words giving such power are lacking. The intention to include the bond must appear beyond a doubt. (*Holtsinger* v. *Nat. Corn Ex. Bank*, 1 Sweeny, 70; *Ferraru* v. *Depew*, 17 How., 418; *Blumer* v. *Waldron*, 3 Hill, 361; 3 Barb., 128; 1 Sand.

Chy., 17; 1 Hill, 111; 3 id., 361–364; 4 N. Y., 9; 53 id., 635; 41 Barb., 575; *Bumsled* v. *Hoadly*, 11 Hun, 487.) The agreement marked Exhibit E. was improperly received in evidence. (*Hawley* v. *Hatter*, 9 Hun, 134; *Baird* v. *Moses*, 47 N. Y., 186.) Plaintiff was estopped by the indorsement on the bond and the receipts given for interest. (*McNeil* v. *Tenth Nat. Bank*, 46 N. Y., 325; *Moore* v. *Mut. Nat. Bank*, 55 id., 47; Bigelow on Estoppel, 508; 32 N. Y., 105; 30 id., 226; 3 Hill, 215; 48 N. Y., 292; 4 Sand., 361; 30 N. Y., 519–541; 32 id., 105; 7 Hun, 339; 6 id., 308; 5 id., 628; 3 id., 744; 50 N. Y., 576; 8 Wend., 483; *Van Kuren* v. *Corkins et al.*, 66 N. Y., 77.) Defendant had a right to direct how the $6,613.75 paid August 31, 1875, should be applied. (*Patty* v. *Milne*, 16 Wend., 557; 22 id., 558; *Steve* v. *Seymour*, 15 Wend., 19; *Allen* v. *Culver*, 3 Denio, 284; 5 id., 470; 17 Wend., 62; *Berriam* v. *Mayor*, 4 Robt., 538.) The bond being the debt and the interest the incident to it, if it did not pass with the assignment to Wellinghaus, it became so separated from the bond that no subsequent sale or re-transfer could restore it as an integral part of the bond, and plaintiff could not acquire any legal right to again tack it to the bond. (*Merritt* v. *Barthaluck*, 36 N. Y., 44; *Cooper* v. *Newland*, 17 Abb. Pr., 342.)

*Benjamin Estes*, for respondent. The acceptance by plaintiff of defendant Welps individual promissory note for the interest due and unpaid on the bond and mortgage and the indorsement on the bond as of so much money received did not amount to a payment. (*Cole* v. *Sackett*, 1 Hill, 516; *Hill* v. *Beebe*, 13 N. Y., 556; *Frisbie* v. *Larned*, 21 Wend., 540; *Waydell* v. *Luer*, 5 Hill, 448; *Putnam* v. *Lewis*, 8 J. R., 389; *Tobey* v. *Barber*, 5 id., 68; *Johnson* v. *Weed*, 9 id., 310; *Schemerhorn* v. *Loines*, 7 id., 311; *Buswell* v. *Pioneer*, 37 N. Y., 312; *Houston* v. *Shindler*, 11 Barb., 36; *Davis* v. *Allen*, 3 N. Y., 168; *Muldon* v. *Whitlock*, 1 Cow., 290; *Higby* v. *N. Y. and H. R. R. Co.*, 3 Bosw., 497; *Henback Bros.* v. *Mollmann*, 2 Duer, 259;

*Chase* v. *Byrne*, 2 Edw. Ch., 492; *Claflin* v. *Ostram*, 54 N. Y., 581–586; *Vail* v. *Foster*, 4 id., 312; *Olcott* v. *Rathbone*, 5 Wend., 490; *Central City Bk.* v. *Dana*, 32 Barb., 296; *Bates* v. *Rosekrans*, 37 N. Y., 410; *Ranger* v. *Goodrich*, 4 Abb. Ct. App. Dec., 1; *Wescott* v. *Gunn*, 4 Duer, 107; *Cornell* v. *Lamb*, 20 J. R., 407–409; *Gregory* v. *Thomas*, 20 Wend., 17–20.) The assignment and accompanying agreement having been executed and delivered at the same time and relating to the same subject-matter they must be read together, although the agreement is not referred to in the assignment. (2 Parson on Conts. [5th ed.], 553; *Rawson* v. *Lampman*, 5 N. Y., 456; *Hanford* v. *Rogers*, 11 Barb., 18; *Parks* v. *Comstock*, 59 id., 16; *Jackson* v. *McKenney*, 3 Wend., 233; *Cornell* v. *Todd*, 2 Duer, 130; *Jackson* v. *Dunsbauk*, 1 J. R., 91; *Stow* v. *Tifft*, 15 id., 463.) The assignment to Wellinghaus with the accompanying agreement amounted simply to a mortgage of the bond and mortgage as security for a loan. (*Murray* v. *Walker*, 31 N. Y., 399; *Slee* v. *Manhattan Co.*, 1 Paige, 48; *Clark* v. *Henry*, 2 Cow., 324; *Hoyt* v. *Martense*, 16 id., 231; *Breese* v. *Bange*, 2 E. D. Smith, 474; *Matthews* v. *Sheehan*, 69 N. Y., 585–590; *Bragelman* v. *Dane*, 69 id., 69; *Cook* v. *Genesee Mut. Ins. Co.*, 8 How., 514; *Field* v. *Mayor, etc.*, 6 N. Y., 179; *Pattison* v. *Hull*, 9 Cow., 747.) The power of attorney is broad enough to cover this case. (1 Parson on Conts. [5th ed.], 44; *Wilson* v. *Troup*, 2 Cow., 195–218; *Anderson* v. *Coonley*, 21 Wend., 279; *Standard Oil Co.* v. *Triumph Ins. Co.*, 3 Hun, 591; affd., 64 N. Y., 85; *Jackson* v. *Van Dalfsen*, 5 J. R., 43; *Foster* v. *Reed*, 70 N. Y., 19–27.) In the absence of specific instructions as a general rule a creditor may make such application of a payment as he chooses. (*Sheppard* v. *Steele*, 43 N. Y., 52, 60–61; *Shipsey* v. *Bowery Nat. Bk.*, 59 id., 492; *Walker* v. *Wetmore*, 1 E. D. Smith, 17; *Clark* v. *Burdett*, 2 Hall, 197; *Pattison* v. *Hull*, 9 Cow., 747; *Mann* v. *Marsh*, 2 Cai., 99.) The plaintiff did not receive the payment as in full, but even if he had it would not have operated as an accord and satisfaction, nor estopped

plaintiff from foreclosing the mortgage to collect the balance. (*Blum* v. *Hartman*, 3 Daly, 47; *Harrison* v. *Close*, 2 J. R., 448; *Seymour* v. *Minturn*, 17 id., 169; *Dederick* v. *Leman*, 9 id., 333.)  By the acceptance of the deed Beier became liable to pay the entire mortgage.  (*Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 253; *Collins* v. *Rowe*, 1 Abb. [N. C.], 97; *Hulett* v. *Whipple*, 58 Barb., 227; *Fish* v. *Potter*, 2 Keyes, 64–74; *Murray* v. *Gouverneur*, 2 J. R., 438; *Trustees Union Col.* v. *Wheeler*, 61 N. Y., 88.)  Plaintiff had a right to explain by parol the indorsement on the bond and for what purpose it was made, the circumstances under which the note was given and indorsement made.  (*Smith* v. *Smith*, 37 Sup. Ct. [5 J. & S.], 203; *Grierson* v. *Mason*, 60 N. Y., 394; *Hope* v. *Balen*, 58 id., 380.)  It was incompetent to prove a conversation between Schroeder and Beier in plaintiff's absence.  (*Paige* v. *Cogwin*, 7 Hill, 361; *Booth* v. *Swezey*, 8 N. Y., 276; *Foster* v. *Beals*, 21 id., 247; *Chester* v. *Dickerson*, 54 id., 13; *Cary* v. *White*, 59 id., 336; *Bellows* v. *Sackett*, 15 Barb., 104.)

MILLER, J.  The right of the plaintiff to recover for the interest indorsed upon the bond accompanying the mortgage, which this action was brought to foreclose, depends upon the question whether the plaintiff is precluded, by such indorsement and the assignment made by him of the mortgage, from claiming that the interest had not actually been paid. The evidence shows that when the mortgage became due on the first day of December, 1871, the principal and interest from June 1, 1870, was due and unpaid. The mortgagor being unable to pay either principal or interest, and the plaintiff requiring the money, an arrangement was made between the plaintiff and the mortgagor that the plaintiff should obtain a loan by assigning the bond and mortgage as collateral.  It was also agreed that the mortgagor should give his note for the unpaid interest and plaintiff indorse the amount on the bond, as if the interest had been paid.  The note was given and the indorsement of the interest made

accordingly. There was no express agreement that the note should be received in payment of the interest, and only a small portion of the note was actually paid by the mortgagor. A loan of money was obtained of one Wellinghaus by means of his attorney Schroeder, the bond and mortgage assigned as collateral security, and an agreement in writing was made, purporting to be between the plaintiff and the assignee, by which the assignee covenanted to reassign the mortgage to the plaintiff when the loan with the interest was paid. This agreement was signed by the plaintiff alone, but was really entered into and constituted a part of the transaction, as the proof shows, at the time the mortgage was transferred and delivered. Subsequently, on the 28th of July, 1875, the assignee, by his attorney, reassigned the bond and mortgage, or all his interest therein, to the plaintiff. Prior to this, and on the 16th of July, 1875, the mortgagor conveyed the premises to the defendant, Beier, by deed. Beier assumed to pay the mortgage in controversy, and on the 31st of August, 1875, paid the plaintiff $6,613.75, leaving a balance of $785.98 still unpaid, including the interest indorsed and for which a note had been given. It may be assumed, I think, that as there was no express agreement that the note should be received in full satisfaction and discharge of the interest, and that the mortgagee was not precluded from collecting the same (*Cole* v. *Sackett*, 1 Hill, 516; *Hill* v. *Beebe*, 13 N. Y., 556; *Frisbie* v. *Larned*, 21 Wend., 450, 452; *Waydell* v. *Luer*, 5 Hill, 448.) The taking of the note of a debtor in payment and the giving of a receipt in full does not establish an agreement to take a note absolutely in payment, and is not an extinguishment of the original debt. (*Putnam* v. *Lewis*, 8 J. R., 389; *Buswell* v. *Pioneer*, 37 N. Y., 312; *Muldon* v. *Whitlock*, 1 Cow., 290.)

Applying the same principle, the indorsement made on the bond, under the facts proved, did not constitute a payment or change the condition of the plaintiff's demand. According to the evidence, no payment was actually made,

and unless the defendant, Beier, took a conveyance without knowledge of the plaintiff's claim for back interest on the mortgage, and that the same had not been paid, there is no valid defense to this action. There was testimony upon the trial to the effect that prior to taking the title, the defendant, Beier, had notice and knew of the plaintiff's claim for the back interest, and that he accepted a conveyance of the premises with knowledge of that fact. As no request was made by the defendant to find that the defendant had no notice or knowledge, it may be assumed, in support of the fiding of the referee, that the interest was not fully paid, as by the indorsement on the bond and mortgage it appeared to be, and that the defendant knew that it was not paid.

It is urged that the plaintiff had no title, as the power of attorney from Wellinghaus to Schroeder gave no power to assign the bond. It confers authority to assign mortgages, and this impliedly would include the assignment of bonds which might accompany them and which, in this case, constituted a part of the security taken. But whether such authority is expressly conferred is not important, as the power of attorney authorized the use of the principal's signature and seal in all places whenever the same may be necessary or proper in the transaction of his business. As the investment of money was one of the objects named in the power of attorney, the clause last referred to gave ample power to re-assign the bond as well as the mortgage, inasmuch as such re-assignment constituted a material part of the agreement.

The finding of the referee that the plaintiff did sell and assign the bond, must be taken in connection with the subsequent finding that an agreement was made, with the condition that the bond should be re-assigned. It is claimed that the latter finding is not supported by the testimony, as the instrument containing the covenant was not executed by Wellinghaus, and only by the plaintiff. The answer to this position is that the proof shows that it constituted a material

part of the agreement which was subsequently executed and carried into effect by the act of the parties, and hence was recognized as a valid contract. But aside from this, as it is apparent that such was the understanding at the time, and as there was power to re-assign, it was quite sufficient that such re-assignment was made, independent of the fact that the agreement had not been formally executed by both of the parties.

The finding of the referee that the defendant, Beier, did not consent to the application of the money paid by him at that time to the payment of the interest indorsed and included in the note, did not, we think, prevent the application for such a purpose, if such amount was due and unpaid. Although the defendant claimed that the interest in question was paid, he did not object to the application of the money, and gave no specific directions in relation to the same. In the absence of instructions to the contrary, the creditor may apply at the time as he chooses. (*Sheppard* v. *Steele*, 43 N. Y., 52–60.)

There was no estoppel to the plaintiff's demand, and no ground is shown for interference with the judgment. It must therefore be affirmed.

All concur.

Judgment affirmed.