### S. A. LILLARD v. DECATUR COTTON SEED OIL CO.

Delivered June 6, 1896.

**Corporations—Agreement of Stockholders to Pay Corporate Debts and Losses—Consideration.**

A private corporation being operated at a loss, in debt, and without funds, its stockholders mutually agreed to pay the debts or losses in proportion to their respective amounts of stock, and thereupon some of them did so pay. Held, that such agreement was based on a sufficient consideration, and could be enforced by the corporation in its own name against a stockholder refusing to pay his pro rata.

APPEAL from Wise.    Tried below before Hon. J. W. PATTERSON.

*Bullock & Tankersley*, for appellant.—1. The alleged agreement made between the stockholders of plaintiff corporation, to voluntarily contribute the amount necessary to pay plaintiff's debt in proportion to the amount of stock held by each of such stockholders was, so far as plaintiff was concerned, a nudum pactum, and could not be enforced by plaintiff.

2. Plaintiff cannot enforce a voluntary agreement of one or more of its stockholders to pay its debts. If anyone has a cause of action it is those stockholders who have performed their part of such mutual agreement against those who have failed to do so, not for the sum promised by them, but for contribution of their proportional part so paid. 1 Beach on Private Corp., sec. 141; 3 Pom's Eq. Juri., sec. 1418, p. 468, note 1; 35 Am. Dec., 498; 57 N. Y., 335; 5 Wait's Actions & Def., 288; 35 Am. Dec., 498.

*R. E. Carswell,* for appellee.—1. The agreement set out was upon good consideration, as the payments agreed upon enhanced the value of the stock held by appellant. Conrad v. La Rue, 52 Mich., 86; Weeks v. Silver Mining Co., 55 J. & S. (N. Y.), 1.

2. The mutual agreements set out in appellee's petition being promises to contribute to a common object desired by all and for the mutual benefit of all, the promise of each is a good consideration for the promise of the others. Higert v. Trustees, 53 Ind., 329; Christian College v. Hendley, 49 Cal., 347; Comstock v. Howd, 15 Mich., 237; Lathrop v. Knapp, 27 Wis., 214; Congregational Society v. Perry, 6 N. H., 164.

3. Waggoner and Greathouse having paid their part according to the mutual agreement, which was accepted by appellee and went into its treasury, then at least appellant's promise became binding. Hopkins v. Upshur, 20 Texas, 92; Williams v. Rogan, 59 Texas, 440; Miller v. Ballard, 46 Ill., 377.

4. The agreement being made for the benefit of appellee, it could recover on the same. McCown. v. Schrimpf, 21 Texas, 22. See authorities called for in note to Linneman v. Moross, 39 Am. St. Rep., 531.

TARLTON, CHIEF JUSTICE.—The verdict of the jury establishes the following conclusions of fact:

In 1892 the appellee was incorporated as a private corporation. It was engaged at Decatur, Texas, from that date to the filing of this suit, on June 12, 1895, in the business of manufacturing oil, feed stuffs, etc., out of cotton seed. Its capital stock consisted of $50,000, divided into 500 shares of the par value each of $100. On and before June 18, 1894, its stock was owned and held as follows: D. Waggoner owned 200 shares, the defendant Lillard 50 shares, H. H. Halsell 16 shares, J. F. Halsell 170 shares, H. Greathouse 14 shares, and A. J. Reagan 50 shares.

At that date the corporation had been operated at a loss of $7891.43. It was without funds to pay this amount. Accordingly, on the day last named its stockholders held a meeting, at which all were present or represented, and at which it was agreed by and between them that each should pay the loss in proportion to the stock severally held. In accordance with this agreement the stockholders D. Waggoner and H. Greathouse paid to the plaintiff each his proportional share of the loss, which was appropriated by it. The defendant, however, did not comply with his undertaking; but subsequently he executed a note, with the stockholders other than Waggoner and Greathouse, signing also the name of the plaintiff, including therein his proportional share of the loss. This note was subsequently paid exclusively out of the funds of the plaintiff. The amount representing the proportion of the loss which the defendant undertook to pay was $789.14. From a verdict and judgment for that amount in favor of the appellee as plaintiff, against him as defendant, the appellant appeals.

*Opinion.*—The petition of the plaintiff alleging the foregoing facts states a cause of action. The corporation was an entity, in which each of the stockholders was interested. It was in a certain sense their representative. The personal profit and advantage of each were involved in the payment of the debt of the plaintiff. The agreement of each stockholder looked as a source of benefit to the compliance with a similar agreement upon the part of each of the remaining stockholders. Such an agreement rests upon a sufficient consideration, especially after a compliance with it on the part of some of the stockholders, as was the case with Waggoner and Greathouse. The relief sought by the plaintiff does not rest, as the appellant misapprehends, upon the doctrine of contribution, which arises purely out of the relations of the parties, but it rests upon a contract supported by a valid consideration. Hopkins v. Upshur, 20 Texas, 89; Conrad v. LaRue, 52 Mich., 86; Lathrop v. Napp, 27 Wis., 222.

As the agreement of the stockholders was made for the use and benefit of the corporation, and incidentally for the benefit of themselves, and as it rests upon a sufficient consideration, it is enforceable in the name of a corporation and by it as a plaintiff. McCown v. Schrimpf, 21 Texas, 27; Whitsett v. Pre-emption Church, 110 Ill., 125; Linneman v. Moross, 39 Am. St. Rep., 531, note.

The verdict is supported by the evidence, and the judgment is affirmed.

*Affirmed.*