(77 Misc. Rep. 95.)

## SHATTUCK v. BUEK.

### (Supreme Court, Appellate Term. June 21, 1912.)

1. LANDLORD AND TENANT (§ 184*)—DEPOSIT FOR RENT.

    Defendant leased premises to R., the lease providing that three months' rent, viz. $1,125, should be paid on delivery of the lease, of which $375 should apply on the first month's rent, and the balance, $750, should be retained as a guaranty, to be applied on the rent of the last two months of the term, and draw interest at 6 per cent. The term was assigned to plaintiff's assignor, and while she was in possession the lease was surrendered at a time when she was indebted to the landlord for $1,222 rent, for which she gave a note for the full amount, secured by a mortgage and by the $750 deposit, which note was subsequently paid without reference to the deposit. *Held*, that whether the note was given as payment of the rent due, so as to release the deposit, was for the jury.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

2. PAYMENT (§ 16*)—BY NOTE—NECESSITY OF AGREEMENT.

    In the absence of an agreement or understanding between the parties, the giving of the promissory note by the debtor is not an extinguishment of the original debt.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 63–69; Dec. Dig. § 16.*]

3. LIMITATION OF ACTIONS (§ 43*)—ACCRUAL OF CAUSE OF ACTION—RECOVERY OF DEPOSITS.

    Where, in such case, the giving of the note did not amount to a payment of the rent, the right of action to recover the deposit did not accrue until the note was paid; and where the time of such payment was within six years, an action to recover the deposit was not barred by limitations though more than six years had elapsed since the surrender of the lease.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 217–219; Dec. Dig. § 43.*]

Appeal from City Court of New York, Trial Term.

Action by La Forest A. Shattuck against Charles Buek. From a judgment dismissing the complaint at the close of plaintiff's case, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

John O'Connell, of New York City, for appellant.
I. H. Kramer, of New York City, for respondent.

SEABURY, J. This action is brought to recover $750. This sum was deposited with the defendant under the terms of a lease made by the defendant, as landlord, to A. E. Rogers, as tenant. The lease bears date August 29, 1901, and provides that:

    "Three months' rent, namely, $1,125, shall be paid upon the execution and delivery of said lease, of which $375 shall apply upon the first month's rent of the term hereby granted, and the balance, $750, shall be retained by the lessor as a guaranty fund, to be applied upon the rent of the last two months of the said term, upon which 6 per cent. interest shall be allowed."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. E. Rogers assigned to Marion S. Furber, and the latter assigned to Ella F. Shattuck, who is the assignor of the plaintiff. While Ella F. Shattuck was the assignee of the lease, and on January 16, 1904, the lease was surrendered to the landlord. The ·evidence discloses that, when the lease was surrendered, the tenant, Ella F. Shattuck, was indebted to the landlord in the sum of $1,222 for rent under the lease. Mrs. Shattuck gave a promissory note to the defendant for the full amount of the rent due, and, in addition to the $750 which the defendant retained, Mrs. Shattuck assigned a mortgage, which she held on property in Pennsylvania, as additional security for the note. The exhibits, which were excluded by the court below, and the proof which was offered, show that on December 8, 1906, Mrs. Shattuck made a payment to the defendant, and the latter gave her a receipt in full for all rent accruing prior to January 16, 1904, and interest due thereon.

[1] The court below dismissed the complaint at the close of the plaintiff's case, on the ground that the right of action for the deposit of $750 arose at the time of the surrender of the lease, and that it was barred by the statute of limitations at the expiration of six years from that date. In order to determine whether the present action is barred by the statute, it is necessary to determine when the cause of action accrued. Section 415, Code Civ. Proc. If the plaintiff's cause of action accrued on January 16, 1904, as claimed by the defendant, it is barred, and the complaint was properly dismissed. If, on the other hand, the plaintiff's cause of action did not accrue until December 8, 1906, as claimed by the plaintiff, it was not barred, and it was error to dismiss the complaint.

The cancellation of the lease did not divest rights which had already accrued. The fact that the lease was canceled did not deprive the landlord of his right to collect rent that was then due, nor did it prevent the plaintiff's assignor from collecting the amount of the deposit, if the rent was paid and the other conditions of the lease performed. The evidence shows that the landlord did not elect to apply the amount deposited on account of the rent which had then accrued, but that, on the contrary, he took from the plaintiff's assignor a note to evidence the full amount of this debt and security for the amount then due. Notwithstanding the fact that the landlord took the note and other security, he continued to hold the sum deposited. If he had elected to apply the sum deposited on account of the rent then due, he would have been within his rights in so doing; but, in that event, that amount would have been deducted from the amount of the note which was given to him. The note represented the full amount due, and the amount named in it, with interest, was paid in full on December 8, 1906. Whether the note was given as payment of the debt then due, or whether it was intended that it should not extinguish the original debt, which was secured by the assignment of the mortgage and the $750 which was retained by the landlord, were questions of fact, which should have been submitted to the jury for their determination.

[2] In the absence of an agreement or understanding between the

parties, the giving of·the promissory note by the debtor is not to be deemed an extinguishment of the original debt. 30 Cyc. p. 1195, and cases cited. See, also, Feldman v. Beier, 78 N. Y. 293, 296. ·

[3] From the circumstances proved, we think that the jury might well have found that the note was not given as payment, and that it was secured by the assignment of the mortgage and the sum of $750 which the landlord retained. If the jury found that such was the fact, then the right of the plaintiff's assignor to the $750 did not accrue until December 8, 1906, when the note was paid, and this action, having been commenced within six years from that date, was not barred by the statute of limitations. If the jury found that the note was given as payment, then the plaintiff's right to the sum deposited accrued at that time, and the present action is barred. These were questions which the jury should have been permitted to determine, and it was error for the court below to resolve them adversely to the plaintiff and dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.