## In re WEGMAN PIANO CO.

### (District Court, N. D. New York. March 17, 1915.)

1. PAYMENT ⊜⟩17—PAYMENT BY NOTE—NECESSITY OF AGREEMENT.

    By the general rule, which prevails in New York, the giving of a note by a debtor to a creditor and the receipt of such note by the creditor will not pay or extinguish the original claim or debt, in the absence of an agreement that the note is to be received as payment.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 70–77; Dec. Dig. ⊜⟩17.]

2. PAYMENT ⊜⟩17—PAYMENT BY NOTE—AGREEMENT BETWEEN PARTIES.

    When a note is given for the amount of a debt, it is competent for the parties to agree that the note shall constitute full payment and extinguishment of the original debt.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 70–77; Dec. Dig. ⊜⟩17.]

3. PAYMENT ⊜⟩73—PRESUMPTIONS AND BURDEN OF PROOF—PAYMENT BY NOTE.

    An agreement that a note for the amount of a debt shall constitute full payment of the debt must be established by clear and satisfactory evidence, as there is no presumption that the note is accepted or received as payment.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. ⊜⟩73.]

4. SALES ⊜⟩477—CONDITIONAL SALES—EFFECT OF GIVING OF NOTE.

    A purchaser of an adding machine on 30 days' credit, by a contract which provided that title should remain in the seller until the purchase price, note, draft, or judgment therefor was paid in full, sent his note to the seller, which was retained by him. After the seller's agent, who negotiated the sale, had become the owner of the rights of the seller in the contract and in the machine, he stated to an employé of the purchaser that he had received the note as payment, that he sold the machine on commission and was supposed to see that payment was made in cash, and, in reply to the employé's statement that he was lucky to get the note, he further stated that the machine had to be paid for in cash, and that he was working on a commission, but that he would try to use the note. *Held*, that there was nothing in this statement establishing that the note was received in payment, and the giving of the note, though it extended the time of payment, did not cancel the original debt or release the claim on the machine.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. ⊜⟩477.]

5. SALES ⊜⟩455—CONDITIONAL SALE—SALES CONSTITUTING.

    The sale of an adding machine, by a contract which provided that title to the machine should be vested in the seller until the purchase price, note, draft, or judgment therefor was paid in full, was a conditional sale, and the title did not pass to the buyer, and it was beyond its power to transfer title to a third party.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1326; Dec. Dig. ⊜⟩455.]

6. BANKRUPTCY ⊜⟩214—CONDITIONAL SALES—RECLAMATION—PREMATURE PROCEEDINGS.

    A petition for the reclamation from a receiver in bankruptcy of property sold to the bankrupt conditionally was prematurely filed before the maturity of a note whereby the time of payment was extended.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 320, 324–327, 343, 344; Dec. Dig. ⊜⟩214.]

⊜⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. BANKRUPTCY ⬙⟿205—CONDITIONAL SALES—RIGHT OF RECEIVER OR TRUSTEE TO PERFORM CONTRACT.

A receiver or trustee in bankruptcy, with the approval of the court, may pay the amount due on the purchase price of property bought by the bankrupt under a conditional sale contract, and retain the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⬙⟿205.]

8. BANKRUPTCY ⬙⟿140—TITLE TO PROPERTY—CONDITIONAL SALES.

Where an adding machine was sold to one who subsequently became bankrupt, by a contract providing that title was to remain in the seller until payment of the purchase price in full, and no part of the purchase price had been paid, the seller was entitled to reclaim the machine from the receiver or trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬙⟿140.]

In Bankruptcy. In the matter of the Wegman Piano Company, alleged bankrupt. Proceeding by G. T. Perrin to reclaim property from the receiver in bankruptcy, in which Louis B. Amann intervened. Ordered in accordance with the opinion.

This is a petition in reclamation proceedings brought by G. T. Perrin against the receiver and the alleged bankrupt to obtain the return and possession of a Burroughs adding machine, valued at about $175, and in the possession of the receiver, and which came into his possession when he took possession of the assets of the alleged bankrupt. One Louis B. Amann intervenes, and files a petition in the same proceeding, asking that the said adding machine be turned over to the Dalton Adding Machine Company, on the theory that said machine belongs to it, and also asks for the return and possession of the Dalton adding, listing and calculating machine in the possession of said receiver.

Wm. K. Payne, of New York City, for receiver.
Robt. J. Burritt, of Auburn, N. Y., for Wegman Piano Co.
Kennard Underwood, of New York City, for petitioner Perrin.
Lee & Brewster, of Syracuse, N. Y., for Dalton Adding Mach. Co.

RAY, District Judge (after stating the facts as above). On his appointment as receiver in this matter James M. Knapp came into the possession of the machines in question, to wit, one Burroughs adding machine and high stand, style 9, and also of the Dalton adding machine, and which were in the actual possession of the alleged bankrupt. The petitioner G. T. Perrin claims to own and asks delivery to him of the said Burroughs adding machine, and the intervening petitioner Dalton Adding Machine Company asks delivery to it as owner, not only of the Burroughs adding machine, but of the Dalton adding machine.

September 10, 1914, the Wegman Piano Company gave to the Burroughs Adding Machine Company a written order, accepted by it, for a second-hand Burroughs adding machine and high stand, style 9, for which the Wegman Piano Company was to pay $175, or, as the order stated:

---

⬙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Three hundred seventy-five dollars ($375.00) cash. Balance 30 days net. Less $200.00 for being a used machine. Less 2% discount in 10 days."

The order also provides:

"Please enter our order for one Burroughs adding machine and high stand, style 9, No. ——, which you agree to deliver to our address, transportation charges prepaid, for which we agree to pay you three hundred seventy-five dollars ($375.00) in U. S. gold coin or its equivalent on terms elected and designated below."

It is evident from the terms of this order that a credit of 30 days was given, less a discount of 2 per cent. if paid in 10 days. The order contains this provision:

"It is agreed that the title to the said adding machine shall be vested in you until the purchase price, note, draft, or judgment for the same is paid in full. It is expressly agreed that this order shall not be countermanded."

This transaction was with the petitioner G. T. Perrin as agent for the Burroughs Adding Machine Company, and he took over the contract and is the petitioner. No cash payment was made on the adding machine. This machine was billed to the Wegman Piano Company at the price of $175, and direction was given to pay such bill by check payable to G. T. Perrin. Thereafter, and on or about the 18th day of November, 1914, the Wegman Piano Company sent to the Burroughs Adding Machine Company, at its office in Rochester, a promissory note of the said Wegman Piano Company, payable to the order of said G. T. Perrin, for the sum of $175, due March 21, 1915, and this note was inclosed in a letter as follows:

"Burroughs Adding Machine Co., Rochester, N. Y.—Gentlemen: We inclose our note, dated the 17th inst., in settlement of your due account, and trust that you will find it correct and entirely satisfactory. Owing to the existing financial conditions, we feel certain that you will co-operate with us and govern ourselves accordingly.

"Very truly yours,          Wegman Piano Company,
                                          "P. C. Sherman, Gen. Mgr."

No answer was sent to this letter, and the note was not returned or refused by the Burroughs Adding Machine Company, or by said Perrin, and the one or the other has same in its or his possession.

On or about December 2, 1914, the Wegman Piano Company bargained at least to sell the said adding machine and stand to the Dalton Adding Machine Company, and was to take in exchange a Dalton adding, listing, and calculating machine and a stand for the same. This contract was in writing, in the form of an order signed by the Wegman Piano Company, by John Calva, collection manager, and called for the delivery of the Dalton adding machine, to be delivered at Auburn, for which the Wegman Company agreed to pay to the order of the Dalton Adding Machine Company, at Cincinnati, Ohio, $300, as follows: Less allowance on Burroughs machine No. 118610, $115. Balance cash 10 days less 5 per cent. invoice to bear date of December 23d. There was to be a discount of 5 per cent. for cash in 10 days from date of invoice. This order had the provision that title was to remain in the seller until payment of the purchase price in full. This also contained a provision that in the event of the retaking of the property that any amount that may have been paid thereon shall be

considered as payment for use, ordinary wear, and depreciation of said property while in the possession of the Wegman Company, etc. The Dalton Company did not take the Burroughs adding machine away, or take possession thereof. The Dalton adding machine was delivered to the Wegman Company about December 21, 1914. The petition in bankruptcy was filed January 6, 1915, at which time the receiver was appointed.

James L. Stewart swears in his affidavit:

That up to and including the 6th day of January, 1915, he was employed by said Wegman Piano Company as auditor, and that he is now employed by the receiver; that he knows G. T. Perrin, and became acquainted with him while and during his visits to the Wegman Piano Company growing out of the sale to it of a Burroughs adding machine in the fall of 1914, and that on or about the 25th day of November, 1914, he met said Perrin on a railroad train between Rochester, N. Y., and Erie, Pa. "That upon that occasion said Perrin told deponent (Stewart) that he had received from said Wegman Piano Company its note for $175 as payment for the Burroughs adding machine sold to said Wegman Piano Company. Said Perrin further said to deponent that the said Perrin had sold said machine on commission and was supposed to see that payment therefor was made in cash. Deponent then said to said Perrin that he was lucky to get the note, and said Perrin replied that the machine had to be paid for in cash, and that he, said Perrin, was working on a commission, but that he would try to use the note."

Stewart further testifies that the note has never been returned.

[1] It is well settled in the state of New York and in the courts of the United States that, where a debt is owing by one person to another, the giving of a note by the debtor to the creditor and the receipt of such note by the creditor will not pay or extinguish the original claim or debt, in the absence of an agreement between the parties that the note is to be received as payment. This is the common-law rule, which prevails in England and has been adopted in nearly all of the states in this country. In Indiana, Maine, Massachusetts, and Vermont the rule is different. In those states it has been held that the note extinguishes the existing debt, unless it is agreed to the contrary. However, the rule applicable to this controversy is the one first stated. Lyman v. United States Bank, 12 How. 225, 13 L. Ed. 965; Lawrence v. United States (C. C.) 71 Fed. 228; Jagger Iron Co. v. Walker, 76 N. Y. 521; Feldman v. Beier, 78 N. Y. 293; Shattuck v. Buck, 77 Misc. Rep. 97, 136 N. Y. Supp. 105; Newburgh National Bank v. Bigler, 83 N. Y. 59; Hoar v. Union Mut. Life Insurance Co., 118 App. Div. 416, 103 N. Y. Supp. 1059. There are numerous other cases to the same effect. See, also, Cyc. vol. 30, 1194–1198.

[2, 3] It is, of course, competent for the parties to the transaction to expressly agree that the note will be and is accepted in full payment and extinguishment of the original debt; but to establish this as a fact the evidence should be clear and satisfactory. There is no presumption that the note is accepted or received as payment. In Lawrence v. United States, supra, it was held:

"A note is not payment of an account, unless it be expressly accepted as payment, or produce payment."

In Hoar, as Administratrix, v. Union Mutual Life Insurance Co., supra, premium notes were given and it was held:

"That the premium notes were not payments, but merely means of securing payment, and effective only to extend the time therefor, and never having been paid the original indebtedness was revived, and the beneficiary was not entitled to recover on the policies."

In Feldman v. Beier, supra, it was held that:

"In the absence of an express agreement to the contrary, the taking of a debtor's note does not constitute the payment or extinguishment of the original demand."

In Lyman v. Bank, supra, it was held that where there was a sale and conveyance of real and personal property, for which three notes were given, two of which had been paid, and the third was produced and tendered to be given up, that:

"There was no presumption that the notes were received in satisfaction of the purchase money."

[4] It follows that the sending of this note by the Wegman Company to the Burroughs Adding Machine Company and the mere acceptance and retention of such note by that company, or by its agent, G. T. Perrin, the petitioner, did not satisfy the original debt or claim for the Burroughs adding machine or cancel the lien or claim or waive the retention of title, if that be the effect of the order, unless the note sent was accepted and received by the Burroughs Adding Machine Company before it parted with the claim, or by Perrin after he became the owner thereof, in payment and satisfaction of the debt. If so accepted and received, and such was the understanding of the parties, then the debt was paid by the giving of the note and its acceptance, and the claim on the adding machine sold was thereby released, and the prayer of the petitioner must be denied. A question of fact is presented on the petition and the answering affidavits. The mere allegations of the petition presented by Perrin are not conclusive, nor are the answering affidavits. Perrin has not seen fit to deny the statements made by Stewart in his affidavit, and which statements have been quoted. Does that statement, or declaration, rather, of Perrin, made to Stewart, establish that the note was received and accepted in payment of the debt of $175 for the machine? The statement is that Perrin said:

"He had received from said Wegman Piano Company its note for $175 as payment for the Burroughs adding machine sold to said Wegman Piano Company."

But Perrin also said that he had sold said machine to the Wegman Company on commission and was supposed to see that payment therefor was made in cash. The representative of the Wegman Company then said to Perrin that he was lucky to get the note, and thereupon Perrin said:

"That the machine had to be paid for in cash, and that he, the said Perrin, was working on a commission, but that he would try to use the note."

There is no evidence that either Perrin or the Burroughs Adding Machine Company has ever pledged, sold, or transferred the note. It has not been returned, and no part of it has been paid.

At the time Stewart had his conversation with Perrin, he (Perrin) had become the owner of the rights, interests, etc., of the Burroughs Adding Machine Company in the contract and in the machine. It is noted that Perrin did not state to Stewart that he had accepted such note as payment, but did say, in reply to Stewart's remark that Perrin was lucky to get the note:

"That the machine had to be paid for in cash, and that he, said Perrin. was working on a commission, and that he would try to use the note."

All this is as consistent with the receipt and holding of the note for the purpose of extending the time of payment for the machine as with the receipt of same in payment and discharge of the debt. The remark by Perrin that the machine had to be paid for in cash, and that he would "try to use the note," is somewhat inconsistent with the claim that he had agreed absolutely to accept the note in payment for the machine or in lieu of cash. The time of payment for the machine by the receipt and retention of the note was undoubtedly extended until the maturity of such note, but that it canceled the original debt and released the machine this court cannot hold.

[5] I think the sale was a conditional one, and that the title to the machine never passed to the Wegman Piano Company. If so, it was beyond the power of the Wegman Company to transfer the machine to the Dalton Adding Machine Company, and it, of course, has no title as against Perrin.

[6, 7] The petition in reclamation is somewhat premature, as the note had not become due at the time same was filed, as the note is not due or payable until March 21, 1915, and the acceptance and retention of the note, as stated, undoubtedly extended the time of payment until that date. The receiver in bankruptcy, with the approval of the court and the trustee when appointed, will have the right to pay the amount due for the purchase price of the machine and retain same. In case this is done, the title to the machine will then vest in the estate of the bankrupt.

[8] In no event does the Dalton Company have any right to the machine in question. That company now intervenes in this proceeding and claims, not only the Burroughs adding machine, but the machine which it sold to the Wegman Company. As stated, this sale was by way of exchange. The Dalton Company delivered its machine to the Wegman Piano Company, but did not receive and has not received the consideration or any part of it. The consideration has failed, and under the terms of sale, which was in writing, and whereby the title was to remain in the Dalton Company until the machine was paid for, this court is of the opinion that the Dalton Company is entitled to the machine sold by it to the Wegman Piano Company, but that the receiver or trustee, when appointed, with the approval of the court, has the right to retain that machine on paying the purchase price.

The order will be, as to the Burroughs Adding Machine Company, that on surrender of the note of the Wegman Piano Company, sent to Perrin, the Burroughs adding machine referred to will be returned to Perrin, unless the receiver or trustee elects to retain such machine and pay therefor. As to the other machine, the order will be that the

machine purchased of the Dalton Company be returned to it, unless the receiver or trustee elects with the approval of the court to retain such machine and pay therefor. The petition filed by the Burroughs Company might be denied on the ground that the time of payment was extended to March 21, 1915, and that there has been no default in payment. However, as the matter is now before the court, it is just as well to settle the rights of the parties and allow the receiver or trustee to take steps to pay for the machine and retain same, in case that course will be advantageous to the bankrupt estate.

There will be an order accordingly.