## BOHNING et al. v. CALDWELL. *

(Circuit Court of Appeals, Fifth Circuit. December 8, 1925. Rehearing Denied January 19, 1926.)

### No. 4501.

**1. Bills and notes ⬤═92(5) 98—Note executed by directors and stockholders of bank for loan to bank supported by consideration; makers of note estopped to deny consideration.**

A note executed by directors and stockholders of bank for loan to bank, to save the bank from failure and themselves from assessment on stock, *held* supported by consideration, and makers were estopped to deny consideration, in view of fact that funds derived from discount of note increased assets of bank.

**2. Bills and notes ⬤═140—Execution of renewal note by makers of valid original note not novation or change of original debt.**

Where original note, executed by directors and stockholders of bank to save bank from failure, was a valid obligation, the execution of a renewal note was not novation of original debt, and made no change in it.

**3. Bills and notes ⬤═138—Fact one of parties to original note failed to join in execution of renewal note did not release parties to renewal note from liability.**

Fact that one party to original note, which was a valid obligation, failed to join in execution of renewal note, did not release from liability those parties who executed renewal note.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by R. B. Caldwell, receiver of the First National Bank of Ranger, Tex.,

*Certiorari denied 46 S. Ct. 475, 70 L. Ed. —.

against G. W. Bohning and others. Judgment for plaintiff, and defendants bring error. Affirmed.

J. M. Wagstaff, of Abilene, Tex. (Conner & McRae, of Eastland, Tex., and Wagstaff, Harwell & Wagstaff, of Abilene, Tex., on the brief), for plaintiffs in error.

Virgil T. Seaberry, of Eastland, Tex. (Turner, Seaberry & Springer, of Eastland, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that in 1919 plaintiffs in error, with two others, to wit, Dreinhofer, Deffebach, Bohning, Melvin, and Garrett, composed the entire directorate of the First National Bank of Ranger, Tex. An examination of the bank disclosed that certain assets were considered worthless and the capital was greatly impaired. There were also shortages disclosed by the books, and a difference in accounts between the said bank and the First National Bank of Fort Worth, Tex. The five directors named above executed a note for $22,000, on which they were jointly and severally liable, and it was discounted with the First National Bank of Fort Worth, Tex., and the proceeds placed to the credit of the Ranger Bank. It was contemplated at this time that, as certain items then charged off, or perhaps other items belonging to the bank, were collected, the proceeds would be applied to the liquidation of the note, and none of the makers of the note considered they would ever be called upon to pay it. From time to time the note was reduced as contemplated.

In July, 1920, at which time another examination of the bank was impending, Hedrick, who was an officer of the bank at that time, but who had not been an officer or connected with the bank at the time the original note was executed, requested the plaintiffs in error to sign a new note for $9,975. Melvin, Dreinhofer, and Deffebach apparently signed it without objection. Bohning declined to sign, unless Garrett should also sign. Hedrick promised that Garrett's signature should be obtained, and stated that Garrett had promised to sign the joint note. On this condition Bohning signed it. He was not at that time an officer of the bank, but was a stockholder. The other three who signed the note were still officers. In February, 1921, the bank failed, and the note last mentioned, which forms the basis of

this suit, was found among the assets. The bank was hopelessly insolvent. The stockholders were assessed at 100 per cent. on their stock, and depositors will not receive more than 30 per cent. dividend.

In due course the defendant in error was appointed receiver of the bank and brought suit on the note. Melvin made no defense. Judgment eventually went against him by default, and he is not a party to this writ of error. The other three set up as a defense that the note was purely an accommodation note, for the benefit of the bank, and was without consideration; that none of the makers had consented to the release of Garrett from the note; that Garrett was solvent, and that they were released because the promise on the part of the bank to have Garrett sign was not carried out.

At the close of the evidence, both sides moved for a directed verdict, and the court directed a verdict in favor of plaintiff for the face of the note, with interest and attorney's fees according to its provisions. Error is assigned to this action of the court.

[1] There could be no doubt that, in the circumstances, there was sufficient consideration for the original note. The makers were directors of the bank and stockholders, and they had a substantial interest in trying to save the bank from failure, and themselves and the other stockholders from assessment on the stock. Furthermore, the funds derived from the discount of the note increased the assets of the bank in which they were interested. The note imports consideration, and they are estopped to deny it. The weight of authority supports this conclusion. Pauly v. O'Brien (C. C.) 69 F. 460; Brodrick v. Brown (C. C.) 69 F. 497; Interstate Trust & Banking Co. v. Irwin, 138 La. 325, 70 So. 313; Lillard v. Decatur Cotton Co., 14 Tex. Civ. App. 67, 36 S. W. 792; Goodier v. Burnett (Tex. Civ. App.) 246 S. W. 402.

There are other cases which are relied on by the plaintiffs in error. Chief among these is Peterson v. Tillinghast, 192 F. 287, 112 C. C. A. 545. In that case the maker of the note was a disinterested third person, not connected with the bank, who derived no benefit. However, the point was raised that the note had been made for the benefit of a corporation in which the maker was a stockholder. That point was not passed on in the lower court, but the opinion of the Circuit Court of Appeals would seem to indicate that, if that fact had developed in the trial of the case, liability on the note might

have been shown. The other cases cited by plaintiffs in error are not in point.

[2] As the original note was undoubtedly a valid obligation, the execution of the renewal note was not a novation of the original debt, and made no change in it. In re Wegman Piano Co. (D. C.) 221 F. 128; Bexar Building & Loan Ass'n v. Lockwood (Tex. Civ. App.) 54 S. W. 253.

[3] Garrett is not before the court, and we express no opinion as to his liability; but the fact that he did not sign the note in suit would not release the plaintiffs in error under the circumstances here disclosed.

Affirmed.